

E-FILED
FILED
Friday, 02 February 2007 ... 36 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**

FEB - 1 2007

**FOR THE CENTRAL DISTRICT OF ILLINOIS**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**-- Peoria Division --**

|  |  |
|---|---|
| GARY D. BOWERS, | |
| Plaintiff, | |
| -vs- | |
| CURTIS M. MEGYESI,<br>Settlement Officer,<br>Internal Revenue Service, | Case No. 07-1028 |
| Defendant. | |

---

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND PETITION FOR MANDAMUS RELIEF

---

COMES NOW, Gary D. Bowers, Plaintiff *pro se* who files this Complaint for a violation of his civil rights, i.e., Denial of Due Process, and petitions for mandamus relief; and for that provides the following:

### JURISDICTION

1.  Jurisdiction of this Court is invoked pursuant to Title 28 United States Code §§ 1331, 1361 and 1391, this being a complaint for denial of due process by an Internal Revenue Service Appeals Officer, in that the Plaintiff was denied his remedy of a hearing by the Internal Revenue Service Office of Appeals, as codified in Title 26 U.S.C. §§ 6320 and 6330.

2.      Title 28 U.S.C. §. Title 28 U.S.C. § 1331 states:

*"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."*

3.      The Plaintiff does not need permission to sue, since a violation of the Constitution is alleged.   The Defendant may be sued because he may not claim sovereign immunity under the provisions of the Federal Tort Claims Act.   Moreover, no damage award is prayed for.

4.      Jurisdiction is also proper pursuant to 28 U.S.C. § 1361 which states:

*"The district courts shall have original jurisdiction of an action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."*

5.      The controversy involves the right to a face-to-face hearing regarding penalties for tax years 1997 through 2003, inclusive.   It is the right to a hearing and not the alleged tax liabilities that are the subject of this controversy.

6.      This action is filed for the purpose of compelling the Defendant, and/or other such IRS agents who similarly have such a responsibility, to afford Plaintiff his due process rights pursuant to the Fifth Amendment to the United States Constitution, insofar as said due process hearing (appeals conference), is concerned.

7.      This suit is not for the purpose of restraining the assessment or collection of any tax as prohibited by Title 26 U.S.C § 7421.   Moreover, no provision of the Internal Revenue Code is invoked for the purposes of conferring jurisdiction upon this court, since tax matters are immaterial to this civil rights controversy.

8.   This action does not invoke any stay of collection efforts by the Internal
     Revenue Service of the monies in controversy, nor does the Plaintiff ask that
     this court order a stay or otherwise enjoin any collection efforts.

9.   This action is properly venued in the United States District Court for the Central
     District of Illinois.

## PLAINTIFF

10.  Gary D. Bowers, a citizen of Illinois , is the Plaintiff in this action. His address
     is P. O. Box 502, Pekin, Illinois 61555.

## DEFENDANTS

11.  Curtis M. Megyesi, the Defendant in this action, is an agent of the Appeals
     Team of Internal Revenue Service, located at 300 Hamilton Blvd., Ste. 231,
     Peoria, Illinois.

## STATEMENT OF CLAIM

12.  Plaintiff Gary D. Bowers (hereinafter, "Bowers") received a "Final Notice –
     Notice of Intent to Levy and Notice of your Rights to a Hearing" notice.  Upon
     receiving said notice, Bowers was entitled to a Collections Due Process
     ("CDP") hearing upon request, as per the provisions of Title 26 U.S.C. § 6330.

13.  Bowers made a timely request for an in-person appeals consideration to review
     the lawfulness of the determinations based on the provisions of 26 U.S.C. §
     6330. He had made a request for a face-to-face CDP hearing .

14.    In a letter dated Mary 15, 2005, Bowers requested a face-to-face Collections Due Process Hearing. See Exhibit 1: "Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330."

15.    In a letter dated May 24, 2006, Defendant Megyesi (hereinafter, "Megyesi") stated that he would deny Bowers his face-to-face hearing. This is stated and affirmed by Defendant in the Collections Due Process determination, second page of the Summary and Recommendation. This is part of the Notice of Determination, Exhibit 1.

16.    The aforementioned "Notice of Determination" was issued on November 2, 2006, without affording Plaintiff his in-person conference.

17.    Megyesi denied the face-to-face meeting because Internal Revenue Code § 7521 affords the person requesting the meeting to make an audio recording. Said statute does not afford a recording of the meeting when it is held on the phone. This prevents Bowers from making a record of the proceedings, in the event that the determination is appealed. Even the United States Tax Court acknowledges that the Internal Revenue Service and its agents have no authority to deny tax payers their right to record appeals conference hearings; the Tax Court has published a finding to this effect in Keene v. Commissioner, Internal Revenue Service, 121 T.C. No. 2.

18.    The actions of the Defendant, as stated in paragraphs 12 through 17, resulted in a deprivation of the Plaintiff's right to due process as guaranteed by the Fifth

Amendment of the United States Constitution, resulting in the willful denial of his administrative remedy as codified in 26 U.S.C. § 6330.

**Relief Sought:**

WHEREFORE, Plaintiff demands judgment against the Defendants, as follows:

1)   that Megyesi violated the law by depriving Plaintiff of his right to due process as guaranteed by the Fifth Amendment of the United States Constitution;

2)   that Megyesi violated the law by depriving Plaintiff of his due process remedy as provided for in 26 U.S.C. § 6330;

3)   Plaintiff also prays that this court ORDER that Megyesi—and other duly authorized Internal Revenue Service employee(s)—provide a fair hearing pursuant to 26 C.F.R. § 601.106 and IRC §§ 6213(b)(2), 7521, 6320 and 6330 for all assessments, penalties and interest against Plaintiff for tax years 1997 through 2003, inclusive;

4)   an Order that the Defendant—and other duly authorized Internal Revenue Service employee(s)—comply with the laws as stated hereinabove in all future matters relating to the Plaintiff;

5)   an Order that the Defendant pay costs and reasonable attorney fees to the Plaintiff for prosecuting this action; and,

6)   other such relief that this Court should deem just and equitable.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated this ⟨handwritten: 29⟩ day of January, 2007.

Gary Bowers
2503 Brooklawn Ave.
Pekin, Ill.  61554-5316