IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GARY D. BOWERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-1028 |
| | ) | |
| CURTIS M. MEGYESI | ) | Hon. Michael M. Mihm |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

NOW COMES the Defendant, Curtis M. Megyesi, sued in his official capacity as an Internal Revenue Service employee, by his attorney, Rodger A. Heaton, and moves this court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the entry of an order dismissing the plaintiff's Complaint for failure to state a claim upon which relief can be granted. In support of this motion, the Defendant represents as follows.

### I.  Background

The Plaintiff, proceeding pro se, filed his Complaint on February 1, 2007,[1] seeking mandamus relief pursuant to 28 U.S.C. § 1361.  In particular, the Plaintiff alleges that after he received a "Notice of Intent to Levy and Notice of your Rights to a Hearing" from the Internal Revenue Service ("IRS"), he requested a Collection Due Process Hearing pursuant to 26 U.S.C. § 6330.  This request for a hearing was granted.  However, the Plaintiff also requested that this hearing take place face to face, rather than over the phone, and this request was denied by the

---

[1] Although the Plaintiff only filed proof of service as to Settlement Officer Megyesi, the office of the United States Attorney for the Central District of Illinois received service of the complaint via certified mail on February 5, 2007.

2376066.1

- 2 -

Defendant, Settlement Officer Megyesi.  Compl. ¶¶ 14-15.  Following the date assigned for the hearing, the IRS sent the Plaintiff a "Notice of Determination" on November 2, 2006.  Compl. ¶ 16.  The Plaintiff does not allege that he attempted any appeal of the decision.  Instead, the Plaintiff filed this lawsuit, asking this court to issue a writ of mandamus ordering the Defendant, Settlement Officer Megyesi, to provide the Plaintiff with a fair, face to face, hearing.

## II. Standard for Motions to Dismiss

"[I]t is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The issue is whether the claimant is entitled to offer evidence to support its claims.  Id.  A motion to dismiss for failure to state a claim upon which relief can be granted should not be allowed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  This standard applies even though pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).

## II. Argument

The Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361.  Issuance of a writ of mandamus is done "only in extraordinary situations" because it is a "drastic" remedy.  Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980) (per curiam).  A person who seeks mandamus relief must establish three conditions: (1) that the plaintiff has a clear right to the relief sought; (2) that the defendant has a duty to perform the act in question; and (3) that there is

- 3 -

no other adequate remedy available.  Ahmed v. Department of Homeland Security, 328 F.3d 383, 387 (7th Cir. 2003).  The Plaintiff in this case cannot establish any of these three conditions, and therefore his claim for mandamus relief must be dismissed.

First, the Plaintiff cannot establish a clear right to a face to face Collection Due Process ("CDP") hearing.  Indeed, the regulations promulgated by the IRS specifically state that face to face hearings are not required:

> The formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. 551 et seq., do not apply to CDP hearings.  CDP hearings are much like Collection Appeal Program (CAP) hearings in that they are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof.  A transcript or recording of any face-to-face meeting or conversation between an Appeals officer or employee and the taxpayer or the taxpayer's representative is not required.  The taxpayer or the taxpayer's representative does not have the right to subpoena and examine witnesses at a CDP hearing.

Treasury Regulation § 301.6330-1(d)(2)(A-D6).

Second, based on the language above, the Plaintiff cannot establish that the Defendant, Settlement Officer Megyesi, has a duty to provide a face to face CDP hearing.  Moreover, courts have consistently held that taxpayers are not entitled to face to face CDP hearings under 26 U.S.C. § 6330.  See, e.g., Martin v. United States, No. 06-1733, 2006 WL 3298350 (3d Cir. Nov. 14, 2006) (per curiam); Kupcho v. Green, No. 06-1318, 2006 WL 3518608 (D.N.J. Dec. 5, 2006); Priest v. Internal Revenue Serv., No. 05-3146, 2006 WL 1989803 (C.D. Ill. July 13, 2006); Tinnerman v. Internal Revenue Serv., No. 3:04-CV-1082-J-99MMH, 2005 WL 1332314 (M.D. Fla. May 10, 2005).

2376066.1

- 4 -

Third, the Plaintiff cannot establish that there was no other adequate remedy available because the Plaintiff could have appealed the CDP decision to the United States Tax Court. See 26 U.S.C. § 6330. Indeed, the U.S. Court of Appeals for the 7th Circuit has held that the Tax Court has exclusive jurisdiction to review administrative determinations involving federal income taxes, even when the taxpayer asserts a violation of due process. Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir. 2004); see also Hinman v. Grzesiowski, No. 3:05-CV-049, 2005 WL 3105754 (N.D. Ind. Oct. 28, 2005). The Plaintiff then could have appealed the Tax Court's decision to the U.S. Court of Appeals. 26 U.S.C. § 7482. Thus, there was an adequate remedy available to the Plaintiff, but he chose not to pursue it. In such circumstances, a writ of mandamus would be inappropriate.

Because the Plaintiff cannot establish any of the three conditions required for mandamus relief, his Complaint must be dismissed for failure to state a claim upon which relief can be granted.[2]

---

[2] Moreover, to the extent the Plaintiff seeks an injunction, his claim is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). See Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974). Under that provision, a district court lacks jurisdiction over a suit to enjoin the assessment or collection of internal revenue taxes unless it is clear that under no circumstances could the Government ultimately prevail and equity jurisdiction otherwise exists. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). The Plaintiff has not met that burden here, and accordingly any claim seeking an injunction must also be dismissed.

- 5 -

### III.  Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss should be granted.

        Respectfully submitted,

        RODGER A. HEATON
        United States Attorney


        */s/ Christine S. Hooks*
        CHRISTINE S. HOOKS
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 514-6060
        Fax: (202) 514-5238
        Email: Christine.S.Hooks@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Motion to Dismiss and Memorandum in Support has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 6th day of April, 2007:

>Gary D. Bowers
>P.O. Box 502
>Pekin, Illinois 61555

>*/s/ Christine S. Hooks*
>CHRISTINE S. HOOKS
>Trial Attorney, Tax Division