IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
-- Peoria Division --

GARY D. BOWERS,

    Plaintiff,

-vs-

CURTIS M. MEGYESI,
Settlement Officer,
Internal Revenue Service,

    Defendant.

Case No. 07-1028

FILED
APR 20 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT**

COMES NOW, Gary D. Bowers, Plaintiff *pro se* who opposes the Defendant's Motion to Dismiss, for the reasons indicated hereinafter.

**ARGUMENT:**

**The United States District Court has the authority to compel employees of
the IRS to comply with the law and implementing regulations.**

The gravamen of this case is simple: Does the United States District Court have jurisdiction to compel employees of the IRS to comply with the law and regulations implementing same? Plaintiff Gary D. Bowers (hereinafter "Bowers") sought relief that is mandamus in nature, and nothing more. As such, the determination was null *ab initio*, due to the

absence of due process with respect to the hearing.

All Bowers asks of this court, is that it compel Defendant Curtis M. Megyesi ("Megyesi") to do his job: give Bowers his face-to-face CDP hearing, as the law and implementing regulations require. This is Megyesi's duty under the law.

Mandamus jurisdiction arises from Title 28 U.S.C. § 1361, which states:

> *"The district courts shall have original jurisdiction of an action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."*

In *Blaney v. United States*, 34 F.3d 509, 513, the 7th Circuit stated:

> *"[Plaintiff] correctly points out mandamus jurisdiction can be invoked only when the plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available."*

### Three prong test for mandamus.

This controversy evolves around the three prongs of the mandamus standard. Defendant falsely states that:

> *"First, the Plaintiff cannot establish a clear right to a face to face Collection Due Process ("CDP") hearing. Indeed, the regulations promulgated by the IRS specifically state that face to face hearings are not required."*

Defendant then goes on to cite (the middle of page three of their

motion) Treasury Regulation § 301.6330-1(d)92)9A-D6). However, this regulation only states that the hearing procedures are informal in nature. They do not state that the IRS may deny a tax payer a face-to-face hearing.

Examination of the regulation Plaintiff cites (26 C.F.R. § 301.6330-1 (d)(2)) shows that a face-to-face meeting is required when requested by the taxpayer.

26 CFR § 301.6330-1(d)(2)) states, in relevant part:

> Q-D7. *If a taxpayer wants a face-to-face CDP hearing, where will it be held?*
> A-D7. *The taxpayer **must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence** or, in the case of a business taxpayer, the taxpayer's principal place of business. [Emphasis added]*

Clearly, this provision shows that it is the tax payer, and not the hearing officer, who decides whether to have a face-to-face hearing. Why else would this regulation state that the taxpayer "*must*" be afforded a hearing at a location convenient for the taxpayer? Therefore, we have satisfied the first and second prong of the mandamus standard: the Plaintiff has a clear right to the relief sought, and the hearing officer has a clear duty to act, i.e., grant a face-to-face meeting.

There is nothing in the law or the regulations made pursuant thereto which authorize Megyesi to deny a face-to-face hearing, hence his denial

being a departure from what the law requires. Therefore, Defendant's complaint collapses like a house of cards.

It should also be noted that if the substance of a determination of a CDP hearing were to be appealed in a court, a record of such proceedings would facilitate the appeal process, and it is only in a face-to-face hearing that a record of the proceedings can take place. See Title 26 U.S.C. § 7521. Denial of the face-to-face hearing thwarts due process.

We are now left with the third prong: is there another adequate remedy of law for the plaintiff to seek the relief he is trying to compel?

**There is no adequate remedy at law for the relief requested.**

The United States Constitution, at Article III Sec. 2 states,

> *"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority...."*

If any remedy existed short of mandamus, then this remedy would be found in Title 26 U.S.C. § 6330(d), but this is not the case. This subsection states in relevant part:

> (d) *Proceeding after hearing*
> (1) *Judicial review of determination*
> *The person may, within 30 days of a determination under this section, appeal such determination—*
> (A) *to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or*
> (B) *if the Tax Court does not have jurisdiction of the*

>*underlying tax liability, to a district court of the United States.*

This implied claim that a post-deprivation remedy satisfies the due process guarantee of the Fifth Amendment of the United States Constitution ignores Congress' intent to insert another pre-deprivation remedy, to which Bowers has a clear right.

One need consider the total package. Congress (and the Secretary of the Treasury, in the regulations) established a package consisting of a face-to-face hearing resulting in a determination based on that hearing, and an opportunity to appeal that determination to the courts.

When Bowers was deprived of his face-to-face hearing, he was deprived of the *whole* package. The determination is not about whether a face-to-face hearing should be granted—the law and the regulations implementing same, say it must; rather, it is about whether levy action should be allowed to proceed. Therefore, there is no remedy here under the provisions of § 6330.

**Tax Court has no authority to adjudicate this controversy**

Tax court has no authority to issue extraordinary writs, such as a Writ

of Mandamus. Insofar as a Constitutional question arises in this controversy—denial of due process—Tax Court is not vested with the authority to hear the case. In *Freytag v. Commissioner*, 501 U.S. 868, 870 (1991) the United States Supreme Court stated:

> *"The Board of Tax Appeals is not a court. It is an executive or administrative board, upon the decision of which the parties are given an opportunity to base a petition for review to the courts after the administrative inquiry of the Board has been had and decided. <u>Old Colony Trust Co. v. Commissioner</u>, 279 U.S. 716, 725, 49 S.Ct. 499, 502, 73 L.Ed. 918 (1929) (Taft, C.J.)*

The Court in <u>Freytag</u> gives us more insight as to the actual nature and functions of the Tax Court. The Court went on to say:

> *"Though renamed the Tax Court of the United States in 1942, it remained an independent agency in the Executive Branch, 26 U.S.C. § 1100 (1952 ed.), and continued to perform the same function. As an executive agency, it possessed many of the accoutrements the Court considers quintessentially judicial, ante at 2645. It administered oaths, for example, and subpoenaed and examined witnesses, § 1114; its functions were reviewed in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury, §1141(a); This Court continued to treat it as an administrative agency, akin to the Federal Communications Commission (FCC) or the National Labor Relations Board (NLRB). See <u>Dobson v. Commissioner</u>, 320 U.S. 489, 495-501, 64 S.Ct. 239, 243-247, 88 L.Ed. 248 (1943).*
> 
> *When the Tax Court was statutorily denominated an Article I Court in 1969, its judges did not magically acquire the judicial power. They still lack life tenure; their salaries may still be diminished; they are still removable by the president for inefficiency, neglect of duty, or malfeasance in office, 26 U.S.C. § 7443(f). (In <u>Bowshar v. Synar</u>, supra, 478 U.S., at 729, 106*

> *S.Ct. At 3189, we held that these latter terms are very broad and could sustain removal... for any number of actual or perceived transgressions.) How anyone with these characteristics can exercise judicial power independent ... [of] the Executive Branch is a complete mystery.* ***It seems to me entirely obvious that the Tax Court, like the Internal Revenue Service, the FCC, and the NLRB, exercises executive power.*** *Amar, Marbury, Section 13, and the Original Jurisdiction of the Supreme Court, 56 U.Chi.L.Rev. 443, 451, n. 43 (1989). See also Northern Pipeline, 458 U.S., at 113, 102 S.Ct., at 2893 (WHITE, J., dissenting) (equating administrative agencies and Article I courts); Samuels, Kramer & Co. v. Commissioner, 930 F.2d 975, 992-993 (CA2 1991) (collecting academic authorities for same proposition).* [Emphasis added]

Thus, the issue of Bowers' *right* is not properly brought before the Tax Court, resulting in the absence of a remedy in Tax Court.

### Unpublished court cases cited as authority.

Defendant also cites a plethora of unpublished court cases baldly claiming that courts uphold denial of a tax payer's right to a face-to-face hearing. Though we cannot discern the rational of those court decisions (Defendant never discussed them), if such decisions really exist, we need not consider them anyway. A local rule of this court, Federal Rule of Appellate Procedure 32.1, states in relevant part:

> RULE 32.1. Citing Judicial Dispositions
>     (a) Citation Permitted. A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been:
>         (i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and
>         (ii) issued on or after January 1, 2007.

(b) Copies Required. If a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited.

All the unreported cases cited by Defendant predate January 1, 2007.

Moreover, no copies of said decisions have been provided to Plaintiff, a pro se litigant. Bowers has no access to Westlaw or similar resources attorneys pay for. As such, this court should disregard such "authority."

WHEREFORE, Plaintiff prays this court to DENY Defendant's Motion to Dismiss.

Dated this 18 day of April, 2007.

*Gary D. Bowers*
Gary D. Bowers
P. O. Box 502
Pekin, Illinois 61555

# CERTIFICATE OF SERVICE

It is hereby certified by the undersigned, a person over the age of 21 and a citizen of Illinois, that the following document:

(1) BRIEF IN OPPOSITION TO DEFENEDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT; and,

(2) CERTIFICATE OF SERVICE;

have been sent via the U.S. Postal Service, postage having been paid in full, on the _____ day of April 19, 2007, to the party indicated hereinafter.

Christine S. Hooks, Atty.
Tax Division, DOJ
P. O. Box 55
Ben Franklin Station
Washington, D. C. 20044

Dated this 18 day of April, 2007.

Gary D. Bowers
P. O. Box 502
Pekin, Illinois 61555

Original sent to the court:

Clerk, United States District Court
Dist. of Illinois, Peoria Division
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria IL 61602