E-FILED
Friday, 01 June, 2007  03:45:09 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GARY D. BOWERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-1028 |
| | ) | |
| CURTIS M. MEGYESI | ) | Hon. Michael M. Mihm |
| | ) | Mag. Judge Byron G. Cudmore |
| Defendant. | ) | |

### DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

NOW COMES the Defendant, Curtis M. Megyesi, sued in his official capacity as an Internal Revenue Service employee, by his attorney, Rodger A. Heaton, and moves this court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for the entry of an order dismissing the plaintiff's Complaint for lack of subject matter jurisdiction.

On May 18, 2007, Magistrate Judge Cudmore ordered the Defendant to file a memorandum and/or motion addressing whether subject matter jurisdiction exists in the above-captioned case and to file authenticated copies of a Notice of Deficiency, Notice of Intent to Levy, and Notice of Determination.

With regard to subject matter jurisdiction, it was the Defendant's understanding that the Plaintiff is seeking mandamus relief, for which the Court generally has original subject matter jurisdiction pursuant to 28 U.S.C. § 1361.  The Defendant's understanding was based on an interpretation of the Plaintiff's Complaint, in which the Plaintiff asserts that he is not seeking a determination of his tax liability and is not seeking monetary relief or injunctive relief to restrain the collection of taxes.  To the extent the Plaintiff seeks mandamus relief that is separate from

these other types of relief, the Defendant relies on its first Motion to Dismiss, filed April 6, 2007, for the grounds upon which that claim should be dismissed. In particular, mandamus relief, which is equitable in nature, is improper because there was an adequate remedy at law - an appeal to the U.S. Tax Court.

However, to the extent that the Plaintiff seeks relief other than mandamus, this Court is without subject matter jurisdiction. To the extent that the Plaintiff seeks injunctive relief, or to the extent the Plaintiff's request for mandamus relief cannot be separated from a request for injunctive relief, the Anti-Injunction Act bars the Plaintiff's claim. 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court for any reason."). See also Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974). To the extent the Plaintiff seeks a redetermination of his tax liability, this court does not have subject matter jurisdiction, as the Tax Court has exclusive jurisdiction over such claims, even where the Plaintiff alleges due process violations as well. 26 U.S.C. § 6213(a); Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir. 2004). To the extent the Plaintiff seeks an appeal of his Collection Due Process hearing, exclusive jurisdiction for such appeals rests in the Tax Court. 26 U.S.C. § 6330(d). Moreover, any such appeal would be untimely, as the Plaintiff's Complaint was filed more than 30 days after the Plaintiff's November 2, 2006 Notice of Determination was issued. Id. To the extent the Plaintiff seeks a declaratory judgment, this Court does not have subject matter jurisdiction. 28 U.S.C. § 2201(a) (providing declaratory judgment as a remedy in cases "except with respect to Federal taxes . . . ."). Accordingly, the Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

With regard to the authenticated copies of documents, in lieu of the Notice of Deficiency and Notice of Intent to Levy requested by the Court, the Defendant submits as Exhibit A copies of Certified Transcripts of Account and Payments, which indicate the dates on which the Notice of Deficiency and the Notice of Intent to Levy were sent. The Internal Revenue Service has advised that it typically does not retain copies of notices sent to taxpayers. Nevertheless, a document search request has been submitted to the Internal Revenue Service. The Internal Revenue Service did retain an uncertified copy of the Notice of Determination issued to the Plaintiff, which is attached as Exhibit B. Because the Plaintiff alleges that he received a Notice of Determination dated November 2, 2006, Compl. ¶ 16, which is consistent with Exhibit B,[1] and the Defendant does not dispute the Plaintiff's allegation, it is the Defendant's understanding that the authenticity of the Notice of Determination is not in dispute, and that Exhibit B substantially complies with the Court's Order to produce a copy.

---

[1] While the date of November 2, 2006 is legible on the Defendant's paper copy of the Notice of Determination, it was not legible in the electronic copy created by scanning. Therefore, the date has been re-created in brackets on Exhibit B.

However, if the Court determines it would be helpful to have a certified copy of the Notice of Determination or a Declaration establishing its authenticity, the Defendant respectfully requests an extension of time of one week to submit such documentation.[2]

Respectfully submitted,

RODGER A. HEATON
United States Attorney


*/s/ Christine S. Hooks*
CHRISTINE S. HOOKS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6060
Fax: (202) 514-5238
Email: Christine.S.Hooks@usdoj.gov

---

[2] In support of this request, the Defendant represents that Debra Dufek, the author of the Notice of Determination, has been unavailable from May 21, 2007 through June 1, 2007.  When Ms. Dufek returns to the office on Monday, June 4, 2007, the undersigned should be able to obtain an authenticated copy of the Notice of Determination.

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing Supplemental Motion to Dismiss and Memorandum in Support has been filed electronically with the Clerk of Court using the CM/ECF System.  Notice of this filing will be sent by e-mail to all parties registered to received electronic notification.  Service has been made upon the following non-CM/ECF participants by depositing a copy via United States mail, postage prepaid, this 1st day of June, 2007:

> Gary D. Bowers
> 2503 Brooklawn Avenue
> Pekin, Illinois 61554

> */s/ Christine S. Hooks*
> CHRISTINE S. HOOKS
> Trial Attorney, Tax Division