IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

-- Peoria Division --

GARY D. BOWERS,

Plaintiff,

-vs-

CURTIS M. MEGYESI,
Settlement Officer,
Internal Revenue Service,

Defendant.

FILED

JUN 1 1 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Case No. 07-1028

## PLAINTIFF'S SUPLIMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S SUPPLIMENTAL BRIEF MOVING TO DISMISS

COMES NOW, Gary D. Bowers, Plaintiff *pro se*, and in compliance with the ORDER of this court filed May 18, 2007, files this brief.

Defendant filed a Motion to Dismiss, Docket Entry #4. Bowers filed his brief in opposition to Defendant's Motion to Dismiss with memorandum in support thereof. See Docket Entry #6, which is incorporated herewith by reference thereto.

Defendant, in his court ordered supplemental memorandum (Docket Entry # 9) states that the Complaint appeared to invoke mandamus jurisdiction pursuant to Title 28 U.S.C. § 1361, which is correct. However, in Defendant's supplemental memorandum and Defendant's original motion to dismiss, it was argued incorrectly that Plaintiff was seeking a "review of his tax liability," so as to divest

Pages 1 oF 3

this court of its subject matter jurisdiction, since it is Tax Court that reviews such matters, as a matter of law. The Anti-Injunction Act was cited. However, this is merely a red herring, because without being provided a Collections Due Process hearing that was in keeping with the requirements of law—the denial of due process part—any determination would be null *ab initio*. Therefore, without a *bona fide* determination, one could not seek a "redetermination."

The simple fact remains that no stay of collection efforts is prayed for; no redetermination is requested; there is no dispute of whether a tax is owing or how much; all Bowers is wants, is for this court to issue a writ to compel the Defendant(s) to his/their job, for they refuse to do so. Besides, if any incidental relief that could theoretically arise, which could appear to invoke the Anti-Injunction Act or § 6330, would arise from the acts of Congress, e.g., Title 26 U.S.C. § 6330, and not this court. Therefore, neither the provisions of the Anti-Injunction Act nor § 6330 apply here at all, with respect to the relief prayed for in this court.

Defendant also raises the question of whether adequate relief is available so that the equitable relief of mandamus may be had (one of the prongs of the mandamus test). That matter was treated on page four (4) of Bowers' Memorandum on Support of Brief in Opposition, Docket Entry 6. There is no remedy to be had pursuant to the provisions of § 6330; Tax Court is not vested with the authority to hear controversies involving the Constitution's Bill of Rights; and there is nothing within the jurisdictional section of Title 26--§ 7442—that says

anything about trying civil rights controversies or issuing writs of mandamus.

As such, Bowers has shown that he has meet the three criteria to warrant issuance of a Writ of Mandamus to compel Defendant(s) to do his/their job, and give Bowers his face-to-face collections due process, and grant the other such relief as appropriate, as prayed for in his Complaint

Dated this 8th day of June, 2007.

*Gary Bowers*
Gary Bowers
2503 Brooklawn Ave.
Pekin, Ill. 61554-5316

Pages 3 of 3