E-FILED
Thursday, 14 June, 2007  10:15:55 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Gary D. Bowers, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-1028 |
| | ) | |
| Curtis M. Megyesi, | ) | |
| Settlement Officer, IRS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court on the motions to dismiss by Defendant (d/e's 4, 9).  The Court concludes that federal subject matter jurisdiction is lacking in this case.  Accordingly, the Court will recommend dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### Standard

Defendant's first motion to dismiss is based on Fed. R. Civ. P. 12(b)(6), failure to state a claim (d/e 4).  Pursuant to the Court's order (d/e 8), Defendant's filed additional documents and a supplemental motion to dismiss based on Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction.  The court accepts the factual allegations in the complaint as

true. <u>Patel v. City of Chicago</u>, 383 F.3d 569, 572 (7th Cir. 2004).  However, with regard to facts about subject matter jurisdiction, extraneous evidence may be considered to determine whether subject matter jurisdiction actually exists.  Fed. R. Civ. P. 12(b)(1); <u>United Phosporus Ltd. v. Angus Chemical Co.</u>, 322 F.3d 942, 946 (7th Cir. 2003).

The Court notes that the standard for testing whether complaints state a claim under Rule 12(b)(6) has recently been modified by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (May 21, 2007), an antitrust case.  Before <u>Bell</u>, a complaint could be dismissed "'only if . . . clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002), *quoting* <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Vincent v. City Colleges of Chicago</u>, 485 F.3d 919 (7th Cir. 2007)("the possibility that facts to be adduced later, and consistent with the complaint, could prove the claim, is enough for the litigation to move forward.").  <u>Bell</u> reaffirmed that a complaint need only give fair notice of the claim and the grounds upon which it rests.  127 S.Ct. at 1965. However, <u>Bell</u> defined fair notice as providing enough "factual allegations . . . to raise a right to relief above the speculative level . . . ." regarding the required

elements of the claim. 127 S.Ct. At 1965.  For purposes of this recommendation, however, Bell's change is immaterial, because the facts here are clear and undisputed as they relate to subject matter jurisdiction.

### Allegations and Background

The IRS assessed overdue income taxes against Plaintiff for tax years 1997-2003, along with interest, estimated tax penalties, late filing penalties, and failure-to-pay penalties.  (d/e 9, Exs. A & B).[1]  The IRS issued notices of intent to levy for the amounts due.  (d/e 9, Ex. A).  Plaintiff requested an in-person ("face-to-face") Collections Due Process Hearing. Defendant Megyesi, an IRS agent, denied Plaintiff's request, instead holding the hearing by phone.  On November 2, 2006, the IRS issued a "Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330."  (d/e 9, Ex. B).  The Notice sustained federal tax liens for years 1997-2003.  The Notice stated: "If you want to dispute this determination in court, you must file a petition with the United States

---

[1]Defendant provided the documents pursuant to the Court's Order of May 18, 2007, following up with an authenticated Notice of Determination (d/e 10).  The Court may consider extraneous evidence to determine whether subject matter jurisdiction exists.  United Phosporus Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003).  Plaintiff does not dispute the authenticity of the documents provided by Defendants.

Tax Court for a redetermination within 30 days from the date of this letter."
Id.

On February 1, 2007, Plaintiff initiated this case in federal district court by filing a "Complaint for Violation of Civil Rights and Petition for Mandamus Relief." (d/e 1).  Plaintiff seeks a determination that Defendant Megyesi  violated Plaintiff's due process rights by not holding the collections hearing "face-to-face."  He also seeks an order compelling a face-to-face hearing.  Defendant filed a motion to dismiss for failure to state a claim.

On May 18, 2007, this Court entered an order expressing concern that subject matter jurisdiction was lacking based on Voelker v. Nolen, 365 F.3d 580 (7th Cir. 2004).  (d/e 8).  Defendant was directed to file a memorandum addressing subject matter jurisdiction, along with the IRS Notices and Determinations.  Defendant complied and filed a supplemental motion to dismiss (d/e 9), to which Plaintiff responded (d/e 12).

## Analysis

Federal Rule of Civil Procedure 12(h)(3) provides that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."  McCready v. White, 417 F.3d 700 (7th Cir. 2005).

Plaintiff asserts jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (mandamus).  28 U.S.C. § 1361 provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The mandamus relief Plaintiff seeks is an order directing Defendant to provide a "fair hearing" (presumably a face-to-face hearing) and to otherwise comply with the law.  (d/e 1, paras. 3 & 4).  Plaintiff asserts "[i]t is a right to a hearing and not the alleged tax liabilities that are the subject of this controversy."  (d/e 1, para. 5).  He contends that he seeks no stay or injunction of  the IRS collection efforts.  (d/e 1, para. 8).  However, he also argues that the IRS' determination is "null *ab initio*, due to the absence of due process with respect to the hearing." (d/e 7, p. 2; d/e 12, p.2).

In Voelker v. Nolen, 365 F.3d 580 (7th Cir. 2004), a taxpayer filed suit in federal district court, claiming that IRS agents "had violated his due process rights by failing to follow statutory procedures in conducting his administrative hearing" regarding income tax deficiencies.  The taxpayer "sought, among other relief, a declaration that the IRS's deficiency

determination was erroneous, a suspension of collection efforts, *and a new hearing*."  356 F.3d at 581(emphasis added).

The Seventh Circuit in <u>Voelker</u> upheld dismissal for lack of subject matter jurisdiction, noting that "a case involving income taxes . . . must be filed in Tax Court."  356 F.3d at 581; *accord* <u>Downing v. C.I.R.</u>, 118 T.C. 22 (2002)(tax court has jurisdiction over lien and levy determinations, including additions to tax, if it has jurisdiction over underlying tax liability); <u>Goodwin v. C.I.R.</u>, 2003 T.C.M. 2003-289, 2003 WL 22333018 (Tax Court has jurisdiction to review levy and additions to income tax, including failure to pay estimated tax, failure to timely pay tax, and failure to timely file return); <u>Satterlee v. U.S.</u>, 432 F.Supp.2d 941, 946 (W.D. Mo. 2006)("The Tax Court also has jurisdiction over challenges to tax levy determinations as well as the process for making the determinations.").

In <u>Voelker</u>, the Court rejected the taxpayer's argument that his case could proceed in federal district court because it concerned his Constitutional due process rights, not the income taxes he owed.  The Seventh Circuit disagreed with the taxpayer's characterization of his lawsuit, noting that "the crux of his dispute with the IRS is obviously his income tax liability."  365 F.3d at 581.  The Court further noted that the

plaintiff could have raised his due process claims on appeal to the Tax Court.  365 F.3d at 582.

Similarly, here the Notice of Determination regards collection actions for past due income taxes and related penalties and interest.   As in Voelker, the crux of Plaintiff's challenge regards his income tax liability, even though brought as a mandamus action.  The challenge to the hearing's validity is effectively a challenge to the validity of the lien, for, if Defendant's failure to hold a face-to-face hearing makes the hearing void *ab initio*, as Plaintiff contends, then the determination resulting from that hearing is necessarily void as well.[2]

Further, as in Voelker, Plaintiff could have pursued his due process challenges in an appeal to the Tax Court, including his request for a new, face-to-face hearing.  26 U.S.C. § 6330(d)(Aggrieved taxpayer "may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)"); Faris v. C.I.R., T.C.M. 2006-254 (example of Tax Court

---

[2]Plaintiff insists he is not trying to stop the collection, but it seems to the court that voiding the hearing would necessarily void any collection proceedings based on the hearing.  Even if the Court had subject matter jurisdiction, Plaintiff's pursuit would be barred by the Anti-Injunction Act.  26 U.S.C. Section 7421(a); *see* O'Meara v. Waters, 464 F.Supp.2d 474 (D.Md. 2006)(taxpayer's mandamus claim challenging denial of face-to-face hearing implicated Anti-Injunction Act; taxpayer failed to demonstrate absence of legal remedy and failed to establish clear right or duty).

reviewing whether denial of face-to-face hearing was proper); <u>Summers v. C.I.R.</u>, T.C. M. 2006-219, 2006 WL 2971193 (same); <u>Calafati v. C.I.R.</u>, 127 T.C. 219 (2006)(example of Tax Court remanding case to afford opportunity for face-to-face hearing and audio recording).

Accordingly, based on <u>Voelker</u>, this Court concludes that the Tax Court has exclusive jurisdiction over Plaintiff's due process challenge to the collections hearing.  However, the Court also notes that, even if subject matter jurisdiction existed,[3] Plaintiff has no clear right to a face-to-face hearing.  26 C.F.R. Section 301.6330-1(d)("a hearing may, but is not required to, consist of a face-to-face meeting . . . "); <u>Kindred v. Commissioner of Internal Revenue</u>, 454 F.3d 688 fn. 7 (7th Cir. 2006)(CDP hearings are informal, citing regulation that states face-to-face hearing not required); <u>Turner v. U.S.</u>, 372 F.Supp.2d 1053, 1058 (S.D. Ohio 2005)(taxpayer "is not guaranteed and not entitled to an in-person hearing); <u>Quigley v. U.S.</u>, 358 F.Supp.2d 427 (E.D. Pa. 2004)

---

[3]For example, if a different kind of tax or penalties were involved, Plaintiff could have appealed the Determination to the district court, rather than to the Tax Court.  28 U.S.C. Section 6330(d)(1)(B); *see, e.g.,* <u>Reid v. Reid</u>, 366 F.Supp.2d 284 (D. Md. 2005)(district court review of collections hearing regarding payroll taxes); <u>Turner v. U.S.</u>, 372 F.Supp.2d 1053 (S.D. Ohio 2005)(district court review of frivolous tax return penalty).

(section 301.6330-1(d) "clearly states that the taxpayer is not guaranteed nor entitled to a face-to-face meeting").

WHEREFORE, the Court RECOMMENDS that Defendant's Supplemental Motion to Dismiss be granted and this case be dismissed for lack of subject matter jurisdiction (d/e 9).   The Court further recommends that Defendant's original motion to dismiss under Fed. R. Civ. P. 12(b)(6) be denied as moot (d/e 4).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:          June 14, 2007

s/ Byron G. Cudmore

_____

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE