**E-FILED**
Tuesday, 26 June, 2007  02:59:39 PM
Clerk, U.S. District Court, ILCD



IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
— Peoria Division —

GARY D. BOWERS,

    Plaintiff,

    -vs-

CURTIS M. MEGYESI,
Settlement Officer,
Internal Revenue Service,

    Case No. 07-1028

    Defendant.

### PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION

COMES NOW, Gary D. Bowers, Plaintiff *pro se*, and pursuant to the provisions of Title 28 U.S.C. § 636, objects to Magistrate Judge Byron Cudmore's "Report and Recommendation," and for this states as follows:

I.

**Plaintiff does not seek to challenge the substance of a CDP determination.**

Quoting *Voelker v. Nolen*, a Seventh Circuit case, the Magistrate asserted "the crux of [Plaintiff Gary D. Bowers ("Bowers")] dispute with the IRS is obviously his income tax liability." The Magistrate went on to say, "*The challenge to the hearing's validity is effectively a challenge to the validity of the lien, for if Defendant's failure to hold a face-to-face hearing makes the hearing void ab initio.*" However, if this court were to take jurisdiction over this matter, the lien

would still be presumed valid and in effect during the pendency of this action. And if Bowers were to prevail at the district level, any invalidation of the lien or abatement thereof, would not be as the result of judicial action, but as the result of the operation of law. The anti-Injunction Act (Title 26 U.S.C. § 7421) only prevents courts from hindering the assessment and collection of a tax (with certain enumerated exceptions); there is nothing in this law that prevent acts of Congress from restraining the assessment and collection of a tax.

The Complaint is quite clear that Bowers does not seek review of the Collections Due Process ("CDP") determination; in fact, Bowers believes the determination is null, as a matter of law—hence, there is nothing to review. Nonetheless, <u>the denial of the face-to-face hearing was established long before the determination came to pass</u>. Bowers' exhibits accompanying the Complaint verify this. Therefore, the *Voelker v. Nolen* case cited to support the assertion that "*The facts pleaded in the complaint make it clear that plaintiff is seeking review of a collection due process determination*" are not only irrelevant here, but patently false. Again, the denial of the face-to-face hearing <u>predated</u> the existence of the CDP determination.

II.

### The United States District Court has the authority to compel employees of the IRS to comply with the law and implementing regulations.

The gravamen of this case is simple: Does the United States District Court have jurisdiction to compel employees of the IRS to comply with the law and regulations implementing same? Bowers sought relief that is mandamus in nature, and nothing more. He did not seek compensatory or punitive damages, nor has he sought a review of the CDP determination, or to enjoin the collection of a tax. Moreover, nowhere in the four corners of the Complaint was there any mention of any controversy over the existence or amount of any tax liability. All Bowers asks of the court, is that it compel Defendant Curtis Megyesi to do his job: give Bowers his face-to-face CDP hearing, as the law and implementing regulations require. This is Megyesi's duty under the law.

Mandamus jurisdiction arises from Title 28 U.S.C. § 1361, which states:

> "The district courts shall have original jurisdiction of an action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

In *Blaney v. United States*, 34 F.3d 509, 513, the 7th Circuit stated:

> "[Plaintiff] correctly points out mandamus jurisdiction can be invoked only when the plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available."

## III.

### Tax Court has no authority to adjudicate this controversy

Insofar as a Constitutional question arises in this controversy—denial of due process—Tax Court is not vested with the authority to hear the case. In Freytag v. Commissioner, 501 U.S. 868, 870 (1991) the United States Supreme Court stated:

> "*The Board of Tax Appeals is not a court. It is an executive or administrative board, upon the decision of which the parties are given an opportunity to base a petition for review to the courts after the administrative inquiry of the Board has been had and decided. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 725, 49 S.Ct. 499, 502, 73 L.Ed. 918 (1929) (Taft, C.J.)*

The Court in Freytag gives us more insight as to the actual nature and functions of the Tax Court. The Court went on to say:

> "*Though renamed the Tax Court of the United States in 1942, it remained an independent agency in the Executive Branch, 26 U.S.C. § 1100 (1952 ed.), and continued to perform the same function. As an executive agency, it possessed many of the accoutrements the Court considers quintessentially judicial, ante at 2645. It administered oaths, for example, and subpoenaed and examined witnesses, § 1114; its functions were reviewed in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury, §1141(a); This Court continued to treat it as an administrative agency, akin to the Federal Communications Commission (FCC) or the National Labor Relations Board (NLRB). See Dobson v. Commissioner, 320 U.S. 489, 495-501, 64 S.Ct. 239, 243-247, 88 L.Ed. 248 (1943).*
> *When the Tax Court was statutorily denominated an Article I Court in 1969, its judges did not magically acquire the judicial power. They still lack life tenure; their salaries may still be diminished; they are still removable by the president for inefficiency, neglect of duty, or malfeasance in office, 26 U.S.C. § 7443(f). (In Bowsher v. Synar, supra, 478 U.S., at 729, 106 S.Ct. At 3189, we held that these latter terms are very broad and could sustain*

> *removal... for any number of actual or perceived transgressions.)*
> *How anyone with these characteristics can exercise judicial power*
> *independent ... [of] the Executive Branch is a complete mystery. **It***
> ***seems to me entirely obvious that the Tax Court, like the Internal***
> ***Revenue Service, the FCC, and the NLRB, exercises executive***
> ***power.*** *Amar, Marbury, Section 13, and the Original Jurisdiction of*
> *the Supreme Court, 56 U.Chi.L.Rev. 443, 451, n. 43 (1989). See also*
> *Northern Pipeline, 458 U.S., at 113, 102 S.Ct., at 2893 (WHITE, J.,*
> *dissenting) (equating administrative agencies and Article I courts);*
> *Samuels, Kramer & Co. v. Commissioner, 930 F.2d 975, 992-993*
> *(CA2 1991) (collecting academic authorities for same proposition).*
> [Emphasis added]

Thus, the issue of Bowers' *right* is not properly brought before the Tax Court, for it is not vested with the authority to hear controversies involving the Constitution's Bill of Rights; and there is nothing within the jurisdictional section of Title 26—§ 7442—that says anything about trying civil rights controversies or issuing writs of mandamus.

Even if the cases cited did "give" the authority to vest Tax Court with the authority to hear controversies that didn't involve the existence or amount of a tax liability, such as issuing extraordinary writs and deciding civil rights issues, those cases would run afoul of Article I Sec. 1 of the United States Constitution, which gives Congress exclusive authority to make law. Our courts have acknowledged this, from time to time. For instance, the tax case of Federal Trade Commission v. Klesner, 221 U.S. 1, 55 L.Ed. 619 (1927), Mr. Justice McReynolds stated,

> *"If the cause involved no more than interpretation of a doubtful provision in the statute, it hardly would be worth while to record personal views. But **judicial legislation is a hateful thing and I am unwilling by acquiescence to give apparent assent to the practice.**"* (Emphasis added.)

There are several others. We should all heed the words of these wise men, who recognized the importance of the separation of powers in our Constitutional Republic.

WHEREFORE, this court was vested with jurisdiction to hear this matter pursuant to the Constitution of the United States, and Title 28 U.S.C. § 1361.

Respectfully submitted this 23 day of June, 2007.

*Gary Bowers*
Gary Bowers
2503 Brooklawn Ave.
Pekin, Ill. 61554-5316

# CERTIFICATE OF SERVICE

It is hereby certified by the undersigned, a person over the age of 21 and a citizen of Illinois, that the following documents:

(1) PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND
    RECOMMENDATION; and,
(2) CERTIFICATE OF MAILING;

have been sent via the U.S. Postal Service, postage having been paid in full, on the 23 day of June, 2007, to the party indicated hereinafter.

Christine S. Hooks, U.S. Atty.
Tax Division, DOJ
P. O. Box 55
Ben Franklin Station
Wa. D.C. 20044

*Gary Bowers* (signature)
Gary Bowers
2503 Brooklawn Ave.
Pekin, Ill. 61554-5316

1 of 1 pages