# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY D. BOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-1028 |
| ) | |
| CURTIS M. MEGYESI, Settlement Officer, ) | |
| Internal Revenue Service, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

On June 14, 2007, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case recommending that Defendant, Curtis Megyesi's ("Megyesi"), Supplemental Motion to Dismiss be granted. Bowers filed a timely objection to the Report & Recommendation, and this Order follows.

### BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and need not be restated here. Suffice it to say that this action arises out Plaintiff, Gary Bowers' ("Bowers"), dispute with the IRS regarding overdue income taxes that were assessed against him for tax years 1991-2003. Bowers challenged the assessments and requested a hearing before Agent Curtis Megyesi ("Megyesi"). The assessments were ultimately sustained, and on November 2, 2006,

Bowers was advised that if he continued to dispute the assessment, he must file a petition with the United States Tax Court within 30 days.

On February 1, 2007, Bowers filed the present action seeking a determination that his due process rights were violated because Agent Megyesi conducted the hearing by phone rather than face-to-face and asking the Court to compel a face-to-face hearing. Agent Megyesi moved to dismiss the Complaint for failure to state a claim and then filed a Supplemental Motion to Dismiss for lack of subject matter jurisdiction. On July 14, 2007, Magistrate Judge Cudmore filed a Report and Recommendation advising that the Tax Court has exclusive jurisdiction over Bowers' due process challenge and recommending that the case be dismissed for lack of subject matter jurisdiction. Bowers filed a timely objection, and this Order follows.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

## ANALYSIS

Although federal courts have original jurisdiction to hear mandamus actions to compel federal agents to perform a duty owed to a plaintiff pursuant to 28 U.S.C. § 1361, a review of the record reveals that there is no duty owed to Bowers in this Court. The Seventh Circuit has clearly held that cases involving tax assessments must be filed in Tax Court, even where they purport to vindicate the plaintiff's due process rights.

Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir. 2004).  Thus, Bowers' due process claims should have been raised on appeal to the Tax Court.

His purported mandamus claim fares no better.  Despite his ardent protestations that he is not challenging his tax liability, Bowers' challenge to the validity of the hearing and request for a new hearing necessarily implicate the determination resulting from that hearing, including the tax lien itself.  As such, his request to compel a new hearing also lies within the exclusive jurisdiction of the Tax Court.  Moreover, the Magistrate Judge correctly notes that Bowers has no right to a face-to-face hearing under 26 C.F.R. § 301.6330-1(d) and Kindred v. Commissioner of Internal Revenue, 454 F.3d 688, 691 n. 7 (7th Cir. 2006).  The law therefore does not require the actions that Bowers seeks to compel.

After careful review, the Court agrees with the Magistrate Judge that dismissal of the complaint for lack of subject matter jurisdiction is appropriate.  Bowers' remedy, if any remains available at this point, rests with the Tax Court.  It is only after administrative inquiry to the Tax Court has been concluded that a petition for review can be submitted to the Court of Appeals.

## CONCLUSION

For the reasons set forth herein, the Court now ADOPTS the Report & Recommendation [#14] of the Magistrate Judge in its entirety.  Accordingly, Megyesi's Supplemental Motion to Dismiss [#9] is GRANTED, and this matter is DISMISSED for lack

of subject matter jurisdiction.  As a result, Megyesi's Motion to Dismiss [#4] is DENIED AS MOOT.  This matter is now TERMINATED.

ENTERED this 2nd day of October, 2007.


s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge